## Commonwealth v. Hebard.

*Motor-vehicles—Rules of Fairmount Park Commission as to operation—Act of June 30, 1919.*

1. A rule adopted by the Commissioners of Fairmount Park prohibiting the operation of a motor-vehicle which emits from the exhaust or muffler offensive quantities of smoke or disagreeable odors is invalid, as the Commission, although created by legislative enactment, is merely an agency of the City of Philadelphia, and, hence, the rule is in conflict with section 28 of the Motor-Vehicle Act of June 30, 1919, P. L. 678, which provides, *inter alia*, that no city shall thereafter adopt any rule, with certain exceptions, regulating the equipment, use or operation of motor-vehicles.

*Practice, J. P.—Violation of Park Commission regulations—Appeal to Quarter Sessions—Acts of April 14, 1868, and April 17, 1876.*

2. Since, by the Act of April 14, 1868, P. L. 1083, a violation of a rule of the Fairmount Park Commission is a misdemeanor, and since the magistrate treated the case at bar as a criminal proceeding, instituted in the name of the Commonwealth, by the Act of April 17, 1876, P. L. 29, an appeal lay from the judgment of the magistrate imposing the fine to the Quarter Sessions and not to the Common Pleas.

Appeal from fine imposed for violation of regulation of Commissioners of Fairmount Park. Q. S. Phila. Co., March Sess., 1922, No. 16.

*George Wharton Pepper,* for Park Commission; *E. Hepburn,* for defendant.

FERGUSON, J., April 20, 1922.—The defendant appeals from a fine imposed upon him by a magistrate for the violation of a regulation adopted by the Commissioners of Fairmount Park. The regulation in question prohibits the operation of a motor-vehicle which emits from the exhaust or muffler offensive quantities of smoke or disagreeable odors.

Under section 21 of the Act of April 14, 1868, P. L. 1083, the Commissioners are authorized to ordain rules and regulations for the government of the park. Section 22 provides that "Any person who shall violate any of said rules and regulations, and any others which shall be ordained by the said Park Commissioners for the government of said park, not inconsistent with this act or the laws and Constitutions of this State and United States— the power to ordain which rules and regulations is hereby given to said Commissioners—shall be guilty of a misdemeanor, and shall pay such fine as may be prescribed by said Park Commissioners."

It is contended that any rule, including the one now in question, which may be ordained by the Park Commissioners, and which attempts to regulate the use and operation of motor-vehicles, is necessarily rendered invalid by the provisions of the Act of June 30, 1919, P. L. 678. That act is entitled

"An act relating to and regulating the use and operation of motor-vehicles, . . . limiting and defining the powers of cities, boroughs, incorporated towns, townships and counties as to the regulation of the use and equipment of motor-vehicles, . . . providing procedure and penalties, etc." The act deals with much particularity with the obligations and duties of persons operating motor-vehicles. Exact requirements are contained in it with reference to horse power, lights, licenses, weight and speed. It declares that certain persons may not receive licenses, and sets out the disqualifications. It prescribes the manner in which vehicles shall pass other vehicles and standing trolley cars and street crossings, and fixes the duty of drivers after accidents. It prohibits the operation of such vehicles without the engines being muffled, and provides that no muffler cut-out shall be used in certain localities. Many other provisions are contained in the act, but the above are sufficient to show the detail into which the legislature has seen fit to go in dealing with the subject.

Section 28 of the act provides: "It being the purpose of this act to provide a system or code of law regulating the use and operation of motor-vehicles throughout this Commonwealth, no city, borough, incorporated town, township or county shall hereafter adopt, maintain or enforce any rule, regulation or ordinance regulating the speed, equipment, use or operation of motor-vehicles, other than city or borough ordinances regulating the stopping and parking of vehicles, or the establishment of zones in which vehicles may park at night without lights as provided in section 20 of this act, the use of certain streets as one-way streets, or regulating the kind and weight of traffic on certain streets and in public parks, or the establishment of safety zones."

The answer filed by the Commissioners of Fairmount Park asserts that the Fairmount Park Commission is a State commission and is not a city, borough, incorporated town, township or county commission, and, hence, the provision of the act prohibiting the adoption of regulations does not apply to them.

We cannot accept this answer as disposing of the question involved. Though created by legislative enactment, the Park Commission is no more than an agency of the City of Philadelphia. That municipality owns the land and maintains it with funds from its treasury, for the use, benefit and pleasure of its citizens. That part of the system popularly known as Fairmount Park is within the city limits. The language of section 28 is comprehensive and includes every sub-division of the Commonwealth that might attempt to adopt or enforce an ordinance, rule or regulation with regard to motor-vehicles. It is the plain purpose of the statute to prohibit local regulations that might serve to bring penalties upon drivers through ignorance of their enactment, and to make a uniform system binding in its obligations through the State. The legislative mind could hardly have anticipated that it would be contended that though a city by ordinance could not lawfully make regulations, yet an agency of that city maintaining a public park within its limits had that power. In section 2 of the act the term "public highways" includes parks and squares. By its title, which must be read into the enactment, the statute limits the powers of the sub-divisions of the Commonwealth to make regulations; and by section 28 those sub-divisions are prohibited from adopting or enforcing any rules or regulations excepting as therein particularly mentioned, and public parks are referred to as participating in the privileges of the exceptions.

In view of these provisions, it is not reasonable to assume the legislature intended that a driver of a motor-vehicle, overtaken by a condition in the mechanism of which he may or may not be conscious, should, by reason of his

1 D. & C.

entering the precincts of the park, become guilty of a misdemeanor, when five minutes earlier or later, while on a city street, he would be free from legal offence. It is not reasonable to assume that the legislature intended that a highway leading through a great domain like Fairmount Park should be governed by a system of rules on this subject differing from those governing other highways.

A regulation adopted by the Park Commission must be regarded as if made by the City of Philadelphia. Therefore, in our opinion, the one in question is invalid because its enforcement is prohibited by the Act of 1919.

The only other question involved in the case is as to whether or not the appeal should have been taken to the Court of Common Pleas. We are of opinion that since, by the Act of 1868, a violation of a regulation is a misdemeanor, and since the magistrate in this case considered the matter as a criminal proceeding, instituted in the name of the Commonwealth by the Act of April 17, 1876, P. L. 29, the appeal lies to the Court of Quarter Sessions. See Com. *v.* Rosenthal, 3 Pa. C. C. Reps. 26.

The appeal is sustained and the judgment of the magistrate imposing a fine is reversed.